**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

               V.                                              1: 06-CR-61

**JAE SEU,**

                              **Defendant.**

---

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**DECISION & ORDER**

**I. INTRODUCTION**

On June 12, 2006, Defendant Jae Seu was sentenced, principally, to a term of incarceration of 37 months upon his plea of guilty to conspiracy to possess with intent to distribute and distribution of marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B). In sentencing Seu, the Court "directed" the Bureau of Prisons (BOP) to place Seu in community confinement the last 12 months of his term of incarceration, and recommended that the BOP permit him to participate in a substance abuse program while incarcerated. See Judgment, dkt. # 33.[1]  On June 16,

---

[1] On June 27, 2006, the Court Clerk entered Judgment incorporating the Court's sentencing directives. Judgment, dkt. # 33. In this regard, the Judgment provides in pertinent part:

> The Court orders that the last twelve (12) months of the defendant's sentence be served at a Community Corrections Center (halfway house). Also, the Court recommends that the defendant participate in the Comprehensive Residential Drug Treatment program.

Id.

1

2006, Defendant, through counsel, moved pursuant to Fed. R. Crim. P. 35(a) to correct his sentence on the grounds that BOP representatives had advised Defendant's counsel that it could not place Defendant in community confinement for the last 12 months of his incarceration, and that the Court could not direct the BOP as to the place or nature of a defendant's incarceration. <u>See</u> Mot. to Amend or Correct Sent. dkt. # 29. In light of this, Defendant contends that the sentence was the result of clear error and therefore should be corrected under Fed. R. Crim. P. 35(a). <u>Id.</u> Defendant argues that the corrected sentence should be 25 months of incarceration followed by a term of supervised release that includes 12 months of home confinement. The government has opposed the motion, arguing that the Court's direction to BOP regarding placing Seu in community confinement "was simply a *recommendation* by the Court, which is well aware that the Bureau of Prisons has sole discretionary responsibility to designate the place of a prisoner's imprisonment. 18 U.S.C. § 3621(b)." Govt. Opp., dkt. # 38. Therefore, the Government contends, there was no "clear error" and no basis for correction under Rule 35. <u>Id.</u>

**II. DISCUSSION**

Defendant's argument on the legality of the sentence is compelling. The Court did "direct" the Bureau of Prisons to place Defendant in a halfway house the last 12 months of his 37 months imprisonment, and, based upon the Court's directive, the Clerk entered a Judgment accurately reflecting the terms of the sentence as articulated by the Court. Further, it is beyond dispute that the Bureau of Prisons has sole discretionary responsibility to designate the place of a prisoner's imprisonment, <u>see</u> 18 U.S.C. § 3621(b), and, if it determines, to place a prisoner in a halfway house for "a reasonable time, not to exceed six months, of the last 10 per centum of the term to be served" in order to "afford the prisoner a reasonable opportunity to adjust to and prepare for . . re-entry into

2

the community." 18 U.S.C. § 3624(c). Thus, the sentence articulated by the Court was improper as a matter of law and must be corrected under the "clear error" provision of Fed. R. Crim. P. 35(a).

That being said, however, the result is not what Defendant requests. It was, and is, the Court's opinion that given the factors presented by Defendant's crime, his criminal history, and the other factors considered in imposing a sentence as set forth in 18 U.S.C. § 3553, a term of 37 months of incarceration is the appropriate term of imprisonment to be imposed in this case. The previous direction to the Bureau of Prisons that Defendant serve the last 12 months of his incarceration in a halfway house was intended to aid Defendant in his adjustment for reentry into the community following his term of incarceration, not to shorten his prison term. Therefore, it is hereby

**ORDERED** that Defendant's motion to correct or amend his sentence pursuant to Fed. R. Crim. P. 35(a) is **GRANTED**, and his sentence, as reflected in the June 27, 2006 Judgment, is amended *only* at page 2 to read as follows:

### IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**37 months**

X  The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends that prior to defendant's release from custody the Bureau of Prisons place defendant in a Community Corrections Center (halfway house) for as much time as possible consistent with 18 U.S.C. § 3624(c). Also, the Court recommends that the defendant participate in the Comprehensive Residential Drug Treatment program.**

X  The defendant is remanded to the custody of the United States Marshal.

Defendant's sentence, and the Judgment in this case, remains the same in all other respects.

The Court Clerk is directed to enter an Amended Judgment consistent with this Decision and Order.

**IT IS SO ORDERED**.

DATED:   July 26, 2006

Thomas J. McAvoy
Senior, U.S. District Judge