**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA,

                               Plaintiff,
  v.

JAE SEU,                                      06-CR-61 (TJM)

                               Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA,

                               Plaintiff,
  v.

SEAN J. TIMONEY,                      05-CR-568 (TJM)

                               Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Petitioner Michael Matthews filed a claim pursuant to 21 U.S.C. § 853(n) in connection with the above referenced cases asserting his legal interest in property ordered forfeited to the United States. Presently before the Court is the United States' Motion to Dismiss the claims in each case.

**I.    FACTS**

Sean J. Timoney pled guilty to conspiracy to posses with intent to distribute marijuana in violation of 21 U.S.C. § 826 on December 21, 2005. Jae Seu pled guilty to the same charge on February 28, 2006. As part of their plea agreements, both agreed to forfeit a total of $461,066.00 in U.S. currency that was seized at the time of their arrest as narcotics proceeds.

Following Timoney's guilty plea, the Court issued a Preliminary Order of Forfeiture pursuant to 21 U.S.C. § 853 on January 12, 2006. The Preliminary Order of Forfeiture became a Final Order of Forfeiture upon Timoney's sentence on December 18, 2006. Similarly, after Seu's guilty plea, the Court issued a Preliminary Order of Forfeiture on March 17, 2006; it became a Final Order of Forfeiture upon Seu's sentence on June 27, 2006.

The government provided direct written notice to Timoney and Seu and neither filed a claim to the seized currency. The government published notice of the forfeiture in one collective publication and in a newspaper of general circulation, once a week for 3 consecutive weeks. Publication was completed in "The Daily News", a daily paper published in the City of New York, on May 1, 7 and 15, 2006. An affidavit of publication was filed with the District Court Clerk.

On March 5, 2007, Michael Matthews filed a petition asserting his legal interest in the U.S. currency ordered forfeited. Matthews claims the funds "out of interest of justice, for which [he] accepts for the common good" and as reparations for "crimes against humanity." Pet. p.4.

## II.   MOTION TO DISMISS STANDARD

Under Rule 32.2 of the Federal Rules of Criminal Procedure, a motion to dismiss a third party petition in a forfeiture proceeding is treated like a motion to dismiss a civil complaint under Rule 12(b) of the Federal Rules of Civil Procedure. *See Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004).

## III.   DISCUSSION

Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, a preliminary order of forfeiture becomes final as to the defendant at the time of sentencing or before

sentencing if the defendant consents and shall be made part of the sentence and included in the judgment.

Third parties who have an interest in forfeited property in connection with a crime may file a claim for the property "within thirty days of the final publication of notice or his receipt notice under paragraph (1), whichever is earlier." 21 U.S.C. § 853(n)(2). "[F]ollowing the court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in paragraph (2) for the filing of such petitions, the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." 21 U.S.C. § 853(n)(7).

Pursuant to 21 U.S.C. § 853(n)(2), a third party like the Petitioner claiming an interest in property must file a petition within thirty days of the final publication of notice. Prior to the Final Order of Forfeiture, the United States published its final Notice of Forfeiture in *The Daily News* on May 15, 2006. Thus, the last day for any third party to file a claim contesting forfeiture for either the Timoney or Seu cases was June 14, 2006.

Matthews filed the petition contesting the forfeiture of the currency on March 5, 2007, well over the thirty days provided under 21 U.S.C. § 853(n)(2). Accordingly, the Court finds the Petitioner's claims are untimely.

## IV.   CONCLUSION

For the foregoing reasons, the United States's Motion to Dismiss is **GRANTED** and the petitions are **DISMISSED in cases 06-CR-61 and 05-cr-568**.

IT IS SO ORDERED.

Dated: September 7, 2010

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge